United States District Court
Middle District of Florida
Tampa Division

**GLENDA INES BATISTA,**

   *Plaintiff,*

v.              **NO. 8:21-cv-1302-PDB**

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

   *Defendant.*

_____

## Order

  The Court granted the Acting Commissioner of Social Security's unopposed motion to remand the case, reversed the denial of Glenda Ines Batista's application for benefits, and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 21, 24. Batista now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $8,267.51 in attorney's fees and $12 in "paralegal fees." Doc. 26. The Acting Commissioner has no opposition. Doc. 26 at 4.

  In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested fees, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1), (2). The first three conditions are satisfied here. As to the fourth condition, Batista contends the Acting Commissioner's position was not substantially justified, Doc. 26 at 2,

and the Acting Commissioner has not tried to satisfy her burden of showing otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

The fee applicant must show the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the year of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008), for work traditionally done by an attorney, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). Because clerical work is usually subsumed in the rates already charged by lawyers, *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989), courts will

2

exclude or reduce hours for clerical work, *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261. "Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017).

Here, the fee request is based on 37.5 hours of work by Carol Avard, Esquire, and Mark Zakhvatayev, Esquire, and 0.2 hours of work by an unidentified paralegal. Doc. 26 at 3; Doc. 26-1 at 12–13. For counsel, Batista requests an hourly rate of $220 for work done in 2021 and $226.25 for work done in 2022. Doc. 26-1 at 12–13. For the paralegal, Batista requests an hourly rate of $60. Doc. 26-1 at 14.

Regarding the requested rates for the lawyers, they are the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. And the increase in the cost of living from 1996 to when the lawyers worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited August 8, 2022). Regarding the requested rate for the paralegal, Batista fails to satisfy her burden of showing reasonableness, providing nothing more than a title.

Regarding the hours claimed, the task of "filing of Memorandum of Law by cm/ecf," completed by the paralegal, Doc. 26-1 at 13, is a clerical task and thus not compensable under the EAJA. Batista fails to satisfy her burden of showing reasonableness for this work. Fees for this work are unwarranted.[1]

---

[1]The Court has previously declined to award fees for clerical tasks completed by paralegals at Avard Law Offices even where the motion was unopposed. *See, e.g., Roussin v.*

As to the remaining hours, the Court directed Batista to supplement the motion explaining the distinct contributions of the lawyers and the reasonableness of the number of hours spent preparing the brief. Doc. 27. Upon review of the supplement, Doc. 30, and considering the absence of opposition, the Court finds the remaining hours were reasonably expended and none of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 30 at 4–6.

The Court leaves to the Acting Commissioner's discretion whether to accept Batista's assignment of EAJA fees, *see* Doc. 26-2, after determining whether she owes a federal debt.

Because Batista is eligible and most of the requested fees are reasonable, the Court **grants in part** the motion, Doc. 26, to the extent the Court **awards** her $8,267.51 in attorney's fees and **directs** the Clerk of Court to enter judgment in favor of Glenda Ines Batista and against the Acting Commissioner of Social Security for $8,267.51 in attorney's fees.

**Ordered** in Jacksonville, Florida, on August 8, 2022.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*Comm'r of Soc. Sec.*, No. 2:20-cv-905-SPC-MRM, 2022 WL 1005278, at *3 (M.D. Fla. Mar. 18, 2022) (excluding as clerical time spent e-filing via CM/ECF where the EAJA motion was unopposed), *report and recommendation adopted*, No. 2:20-cv-905-SPC-MRM, 2022 WL 1001512 (M.D. Fla. Apr. 4, 2022).