United States District Court
Middle District of Florida
Tampa Division

**GLENDA INES BATISTA,**

   *Plaintiff,*

v.   No. 8:21-cv-1302-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

   *Defendant.*

# Order

Glenda Batista's lawyer, Carol Avard, requests as an attorney's fee $18,909.92 from Batista's past-due benefits. Doc. 33.

## Background

Batista applied for disability-insurance benefits. Tr. 177–78. An Administrative Law Judge found her not disabled, Tr. 12–30, and the Appeals Council denied her request for review, Tr. 1–6. She and Avard entered into a contingent-fee agreement under which Avard agreed to represent her, and Batista agreed to pay Avard 25 percent of any past-due benefits. Doc. 33-2. Avard filed a complaint, Doc. 1, and the Commissioner filed a 1,492-page administrative record, Doc. 15. Avard filed a 25-page brief arguing why the Commissioner was wrong. Doc. 18. In response, the Commissioner moved to reverse the agency decision and remand the case. Doc. 21. The Court granted the motion, reversed the agency decision, and remanded the case for further agency proceedings. Doc. 24. The Court later granted Batista's EAJA request for an attorney's fee to the extent the Court awarded her $8,267.51 as an

attorney's fee based on 37.5 hours of work. Doc. 31. On remand, the agency awarded Batista past-due benefits and withheld an amount for an attorney's fee. Doc. 33-1. The agency issued a notice of award on July 15, 2024. *Id.* The current request followed.* Doc. 33.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may request a fee, and the court, as part of its judgment, may allow a reasonable fee that does not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fee is from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay an attorney's fee to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). The fee is based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain a fee under both § 406(b) and the EAJA but must refund the lesser fee to the claimant and may do so by deducting the EAJA fee

---

*The notice of award is dated July 15, 2024. Doc. 33-1. "No later than fourteen days after receipt of a 'close-out' letter, a lawyer requesting an attorney's fee, payable from withheld benefits, must move for the fee and include in the motion: (1) the agency letter specifying the withheld benefits, (2) any contingency fee agreement, and (3) proof that the proposed fee is reasonable." Local Rule 7.01(e). Batista filed the fee request on July 25, 2024. Doc. 33. The request is timely.

2

from the § 406(b) fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge a § 406(b) fee based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht,* to assess the reasonableness of a requested fee, courts have also considered the risk of litigation loss, the attorney's experience, the

percentage of past-due benefits the requested fee would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Avard requests a fee of **$18.909.92** from the past-due benefits of $75,639.70. Doc. 33 at 1. To establish the requested fee is reasonable for the services rendered, she provides the following information. She "is a highly-skilled attorney in private law practice who has specialized in the practice of Social Security law for over 30 years." *Id*. at 15. Batista's "individual case had a substantial risk of loss," and Avard "had the burden of proving disability prior to a remote onset date going back to August 2019." *Id*. at 13. "[G]iven these factors, there was certainly a substantial risk of nonpayment of any fees in this case." *Id*. at 13–14. "The requested fee … is reasonable given that [Batista] recouped $75,639.70 in wrongfully denied past-due benefits." *Id*. at 14. "Because [Batista] will receive not only past-due benefits wrongly denied but also ongoing Title II benefits until [s]he dies, reaches retirement age, or becomes no longer disabled, the value to [Batista] of this civil action is not limited to the past-due benefits … she receives." *Id*. Had Avard "not succeeded in obtaining the remand, [Batista] would have forever lost the disability benefits" but "[i]nstead, an exceptional result was obtained and [Batista] received five years of past due benefits." *Id*. at 17. "The case was ultimately won in large part due to [Avard]'s efforts and the Memorandum of Law filed with the Court." *Id*. at 17–18. She "was not responsible for any delays in this case that would result in an inequitable profit." *Id*. at 18. "Considering the risk of loss and the years of representation without payment or interest, and because there was a substantial risk of loss in this complex case, the fee sought is justified by the results achieved and the contingent nature of the agreement." *Id*.

For the reasons provided, the requested fee is reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. *See Gisbrecht*, 535 U.S. at 808. But considering the substantial risk of no award and that Batista's success may be attributed to Avard's skills and experience, "reap[ing] the benefit of [the] work" is appropriate. *See Jeter*, 622 F.3d at 381 (quoted). Because Avard does not ask to deduct the amount of the EAJA award from her § 406(b) fee request, she must refund that amount to Batista, as she represents she will do, Doc. 33 at 2.

## Conclusion

The Court:

1. **grants** the request, Doc. 33;

2. **authorizes** Avard to charge Batista **$18,909.92** from past-due benefits for the successful representation of Batista; and

3. **directs** Avard to refund Batista the **$8,267.51** she received as an attorney's fee under the EAJA.

**Ordered** in Jacksonville, Florida, on August 21, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

5